UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

BRIAN MARTINSEN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:

PRELIMINARY ORDER OF
FORFEITURE AS TO
SPECIFIC PROPERTY/
<u>MONEY JUDGEMENT</u>

23 Cr. 622 (JMF)

WHEREAS, on or about November 28, 2023, BRIAN MARTINSEN (the "Defendant"), among others, was charged in a six-count Indictment, 23 Cr. 622 (JMF) (the "Indictment"), with conspiracy to commit securities fraud, wire fraud, and investment advisor fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 18 United States Code, Section 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); investment advisor fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Section 2 (Count Four); conspiracy to obstruct justice, in violation of Title 18, United States Code, Section 371 (Count Five); and obstruction of justice, in violation of Title 18, United States Code, Sections 1519 and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained, including but not limited to a sum of money of at least $386 million in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment;

WHEREAS, on or about November 4, 2025, the Defendant was found guilty, following a jury trial of Counts One through Six of the Indictment;

WHEREAS, the Government seeks a money judgment in the amount of $25,355,714.43 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), $25,355,714.43 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that the following property constitutes proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment:

a.   The real property located at 1125 SW Martin Downs Blvd, Palm City, Florida 34990;

b.   The real property located at 238 Southwest Palm Cove Drive, Palm City, Florida;

c.   3 Rolex Presidential Watches;

d.   1 Rolex SkyDweller Watch;

e.   The Black 2016 Bentley Continental VIN SCBFH7ZA7GC053006;

f.   The Black 2022 Bentley Continental VIN SCBDT4ZGXNC092162;

g.   The Black 2022 Bentley Bentayga VIN SJAAM2ZV1NC039576;

h.   The White 2021 Bentley Bentayga VIN SJAAM2ZV9MC035743;

i.   The Black 2021 Mercedes Benz GLE VIN 4JGFD6BB8MA265955;

       j.       The White 2022 Lamborghini Huracan VIN ZHWUT5ZF8NLA20266;

       k.       The 2021 Four Winns Speed Boat VIN PFWFE023L021;

       l.       Twenty-seven (27) 100 oz Silver Bars;

       m.       Twelve (12) 1 oz Gold Bars; and

       n.       Four (4) 1 oz Platinum Bars;

(a. through o., collectively, the "Specific Property");

WHEREAS, the Government seeks the forfeiture of the Specific Property as property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment;

WHEREAS, in addition to the Specific Property, the Government continues to identify property obtained by the Defendant that may constitute proceeds traceable to the commission of the offenses charged in Counts One through Six of the Indictment;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in One through Four of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $25,355,714.43 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant BRIAN MARTINSEN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     Following the entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, pursuant to Rule 32.2(b)(2)(C)(iii), the Government may seek to amend this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to include additional property identified as proceeds of the offenses charged in Counts One through Six of the Indictment.

14.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
        May _15_, 2026

SO ORDERED:

_____                    _____
HONORABLE JESSE M. FURMAN                          DATE
UNITED STATES DISTRICT JUDGE